[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11880
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cr-00069-MCR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACKIE T. FAIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____
(January 11, 2013)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jackie Fair appeals his total sentence of 72 months' imprisonment, imposed

above the applicable guideline range of 46 to 57 months' imprisonment, after he

pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349 (Count 1); bribery of a loan officer, in violation of 18 U.S.C. § 215(a) (Count 2); conspiracy to commit mail and/or wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349 (Count 3); and mail fraud, in violation of 18 U.S.C. § 1341 (Count 4). For the reasons set forth below, we affirm Fair's sentences, but remand for the limited purpose of correcting a clerical error in the judgment.

## I.

The presentence investigation report ("PSI") provided that Fair committed the relevant offenses in connection with his purchase of a $2,200,000 condominium with Jane McDonald, a co-conspirator and Fair's girlfriend at the time of the offenses. McDonald obtained financing for part of the purchase price of the condominium from a private lender. Later, McDonald submitted loan applications to another private lender, America's Wholesale Lender,[1] for a total of $2,215,000, in order to refinance her mortgage on the condominium, and she failed to disclose her current liabilities and assets. The remainder of the condominium's purchase price was financed by a third co-conspirator, who used fraudulent means to obtain the financing, and bribed a loan officer for his role in the scheme.

At his sentencing hearing, Fair requested a sentence below the applicable guideline range based on the 18 U.S.C. § 3553(a) factors and because, although

---

[1] The parties also refer to this entity, at times, as "American Wholesale Lender."

2

Fair's offenses may have resulted in loss to others, that was not his intention at the outset. Evidence demonstrated that over $350,000 in payments were made toward McDonald's America's Wholesale Lender loans. The evidence shows that Fair or McDonald also paid $205,000 toward the purchase price of the condominium at closing, but some of that sum was borrowed from a third party, who was never paid back the amount that she had loaned. After addressing objections not at issue on appeal, the district court determined that Fair had a guideline range of 46 to 57 months' imprisonment.

Fair argued that he never intended to cause a loss to anyone and had made payments toward the amounts owed on the loans. Fair and McDonald had obtained a loan that they likely would not have obtained with accurate information, and the lending institutions were complicit in the offenses, in the sense that they loaned Fair and McDonald money on the basis of little to no documentation. Fair acknowledged that he had several previous convictions for writing bad checks and for a tax violation, but noted that he was 70 years' old and that a guideline sentence would not serve justice in his case. Fair declined to make a statement on his own behalf.

The court explained that it had to consider all of the § 3553(a) factors and that the sentence it imposed would reflect those factors. The court stated that the need to promote respect for the law and to provide deterrence were important

3

factors in Fair's case. The court stated that it was not technically departing under the Guidelines, but, if it did, it would find that Fair's criminal history category under-represented the seriousness of his criminal history. Rather, the court was varying from the guideline range based on the § 3553(a) factors. Fair's age did not demonstrate that he was not a threat to the community. His criminal history was "reprehensible," and he had been sentenced by the district court numerous times before—for his tax violation and for several supervised release violations—but had not "gotten the message." The court found that Fair's past showed that he had committed a lifetime of similar conduct. The court imposed a total sentence of 72 months' imprisonment.

## II.

On appeal, Fair argues that the district court's imposition of a total sentence of 72 months' imprisonment was unreasonable because there were no particularly egregious circumstances justifying an upward variance. According to Fair, the victims in the case were banks, and the evidence demonstrates that Fair never intended to cause a loss to the lenders involved, but rather intended to make payments due on the loans at issue, as he and McDonald actually paid $205,000 of their own funds toward the price of the condominium at closing and paid over $350,000 on the America's Wholesale Lender loans. The court erred in failing to give adequate weight to the mitigating circumstances of the case, instead focusing

4

on Fair's prior criminal record, which had already been accounted for in his guideline range.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A district court's sentence need not be the most appropriate one, but rather need only be a reasonable one. *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*). We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable. *Id.* The party challenging the sentence has the burden of establishing that the sentence was unreasonable based on the record and the factors set forth in § 3553(a). *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. If the district court decides that a sentence outside of the Guidelines is warranted, it must consider the extent of the deviation and ensure that the § 3553(a) factors, as a whole, justify the degree of the variance. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008); *Irey*, 612 F.3d at 1186 (explaining that the justification for the variance must be "sufficiently compelling" to support the extent of the deviation). We will

5

remand on grounds that a sentence is procedurally unreasonable if the district court fails to adequately explain its variance from the guideline range in a way that allows for any meaningful appellate review. *United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008).

After we have determined that a sentence is procedurally sound, we review a sentence's substantive reasonableness by examining the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzales*, 550 F.3d 1319, 1323-24 (11th Cir. 2008). The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Fair has not shown that his sentence is procedurally or substantively

unreasonable.  First, the district court adequately explained its variance from the guideline range, as it noted that Fair's past criminal history was reprehensible.  The court further noted, in the context of explaining that it was not departing from the Guidelines, but rather varying based on the § 3553(a) factors, that Fair's criminal history category under-represented his criminal history.

Fair's total sentence of 72 months' imprisonment was above the applicable guideline range of 46 to 57 months' imprisonment.  However, Fair's sentences were also well below the maximum sentence of 30 years' imprisonment that applied with respect to Counts 1 and 2, and the maximum sentence of 20 years' imprisonment that applied with respect to Counts 3 and 4.  *See Gonzales*, 550 F.3d at 1324 (providing that a sentence imposed well below the statutory maximum is one indicator of a reasonable sentence).  The record demonstrates that the district court considered the § 3553(a) factors in imposing the total sentence, and nothing in the record demonstrates that the sentence is unreasonable based on those factors. Fair's criminal history demonstrated that he had persistently committed fraudulent offenses and that past prison sentences had not served to deter him.  Fair's argument that the court abused its discretion in finding that the guideline range did not adequately account for his criminal history essentially amounts to an argument that the district court gave too little weight to his guideline range as a relevant sentencing factor under § 3553(a).  *See United States v. Early*, 686 F.3d 1219,

1223 (11th Cir. 2012). However, we do not substitute our own judgment for that of the district court in weighing the relevant sentencing factors absent a clear error of judgment. *Id.* Fair has not shown such an error, as giving great weight to Fair's extensive history of issuing worthless checks, for which he received no criminal history points, as well as his conviction for conspiracy to commit fraud, was not a clear error of judgment. *Id.* at 1222-23 (affirming substantial upward variance from the applicable guideline range based upon defendant's substantial criminal history). Further, the court based its total sentence on the need to promote respect for the law and to provide deterrence, which were important factors in Fair's case. Accordingly, as Fair has not shown that the district court's decision to impose a total sentence of 72 months' imprisonment was unreasonable, we hold that the district court did not abuse its discretion in sentencing Fair.

## III.

Although we affirm Fair's sentence, there are clerical errors in his judgment. We may *sua sponte* raise the issue of clerical errors in the judgment and remand with instructions to correct the error. *See United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). It is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment. *Id.* Although Fair's judgment indicates that the conviction for Count 1 was for a violation of 18 U.S.C. § 1344, and that the

conviction for Count 3 was for a violation of 18 U.S.C. §§ 1341, 1343, Fair's conviction under Count 1 was actually for a violation of 18 U.S.C. § 1349 (conspiracy to violate § 1344), and his conviction for Count 3 was similarly for a violation of § 1349 (conspiracy to violate §§ 1341, 1343). Thus, we remand to the district court with instructions to amend the judgment to correct the clerical errors with respect to Counts 1 and 3.

For the foregoing reasons, we affirm Fair's total sentence and remand for the limited purpose of correcting the judgment.

AFFIRMED IN PART; REMANDED IN PART.